**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LAURA SEVY | : | |
| 366 Pepper Station Rd. | : | |
| Chillicothe, OH 45601 | : | |
| | : | |
| | : | |
| Plaintiff, | : | CASE NO. 2:18-cv-643 |
| | : | |
| v. | : | JUDGE |
| | : | |
| | : | MAGISTRATE JUDGE |
| BUCKEYE HOME HEALTH CARE | : | |
| 2999 E. Dublin Granville Rd. | : | **Jury Demand Endorsed Herein** |
| Columbus, OH 43231 | : | |
| | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

NOW COMES Plaintiff Laura Sevy ("Plaintiff") and proffers this Complaint for damages against Defendants Buckeye Home Health Care ("Defendants").

## JURISDICTION AND VENUE

1.     This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*., and the O.R.C. Chapter 4111. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

2.     Venue is proper pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendant in the Southern District of Ohio, Plaintiff performed her job duties there, and Defendant is doing and have done substantial business in the Southern District of Ohio.

3.     Plaintiff was an "employee" as defined in Chapter 4111 of the Ohio Revised Code, and the Fair Labor Standards Act.

4.     Defendant is an "employer" as defined in Chapter 4111 of the Ohio Revised Code, and the Fair Labor Standards Act.

## THE PARTIES

5.     Plaintiff is a natural person residing in Ross County, Ohio.

6.     Defendant Buckeye Home Health Care is a corporation incorporated under the laws of the State of Ohio.

7.     Defendant conducts business in the Southern District of Ohio and employed Plaintiff in the Southern District of Ohio.

## FACTUAL BACKGROUND

8.     Plaintiff began working for Defendant Buckeye Home Health Care on or about May 12, 2015.

9.     Plaintiff was hired as a Home-health Worker, an hourly, non-exempt position.

10.     Plaintiff's job duties involved but are not limited to: providing home health services such as daily personal tasks, AM and PM care, linen and laundry changes, reminders for medication, simple wound dressing and assistance with home exercise programs.

11.     Plaintiff was an hourly, non-exempt employee at all times relevant herein.

12.     Plaintiff routinely worked more than 40 hours per week.

13.     Plaintiff is not an "exempt" employee and must be paid not less than one and one-half times her regular rate of pay for all hours worked over 40 hours per week.

14.     Plaintiff's pay stubs indicate that she was never paid overtime.

15.     Plaintiff's pay stubs indicate that she worked over 80 hours in a two-week pay period on multiple occasions but was compensated only at her regular hourly rate, rather than her overtime rate, for all hours worked over 40 hours per week.

16.     Plaintiff was not paid overtime as required by the FLSA and 4111.03 of the Ohio Revised Code.

### COUNT I
### FLSA – Unpaid Overtime

17.     All of the preceding paragraphs are realleged as if fully rewritten herein.

18.     This claim is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*.

19.     At all times relevant herein, Plaintiff was employed as a Home-health Worker, an hourly, non-exempt position.

20.     Plaintiff routinely worked in excess of forty hours per week.

21.     Plaintiff should have been paid the overtime premium for hours worked in excess of forty hours per week.

22.     Defendant knew or should have known of the overtime payment requirement of the FLSA.

23.     During the entire duration of Plaintiff's employment, Defendant knowingly and willfully failed to pay Plaintiff the overtime wages she was due.

24.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer damages in an amount not presently ascertainable.  In addition, Plaintiff seeks liquidated damages, interest and attorneys' fees, and all other

remedies available, as result of Defendant's willful failure and refusal to pay overtime wages in violations of Sections 6 and 7 of the Act (29 U.S.C. §§206-207).

## COUNT II
## O.R.C. 4111.03 – Unpaid Overtime

25.     All of the preceding paragraphs are realleged as if fully rewritten herein.

26.     This claim is brought under Ohio Law.

27.     Defendant's repeated and knowing failure to pay overtime wages to Plaintiff was a violation of Section 4111.03 of the Ohio Revised Code.

28.     For the Defendant's violations of O.R.C. 4111.03, Plaintiff is entitled to recover unpaid wages, interest, attorneys' fees, and all other remedies available under Ohio Law.

## COUNT III
## O.R.C. 4113.15 – Unpaid Wages

29.     All of the preceding paragraphs are realleged as if fully rewritten herein.

30.     Defendant violated Ohio's Prompt Pay Statute by failing to pay Plaintiff's wages.

31.     Defendants did not pay Plaintiff for the hours she spent working overtime.

32.     Plaintiff's pay stubs indicate that she routinely worked more than 40 hours per week and Defendant failed to pay Plaintiff overtime for those hours.

33.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer damages not presently ascertainable. In addition, Plaintiff seeks liquidated damages, interest and attorneys' fees, costs, and all other remedies available, as a result of Defendant's conduct.

WHEREFORE, Plaintiff demands:

For all Counts, monetary damages including back pay and benefits, statutory liquidated damages, expert witness fees and attorneys' fees and costs, and front pay, compensatory damages and punitive damages in an amount to be determined at trial, but in any event not less than $75,000.00 and any and all other relief, which the Court deems just and appropriate.

Respectfully submitted,

/s/ Rachel A. Sabo, Esq.
Rachel A. Sabo (0089226)
Peter G. Friedmann (0089293)
Rachel@TheFriedmannFirm.com
Pete@TheFriedmannFirm.com
**The Friedmann Firm LLC**
1457 S. High Street
Columbus, Ohio 43207
(614) 610-9757: Phone
(614) 737-9812: Fax

**<u>JURY DEMAND</u>**

Plaintiff hereby requests a jury of at least eight (8) persons.

/s/ *Rachel A. Sabo*

Rachel A. Sabo (0089226)

5